UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD "COACH" WEINHAUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22 CV 115 CDP |
| ) | |
| ALABSERIES.COM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This newly-filed case is before me for review of subject-matter jurisdiction. Plaintiff Edward "Coach" Weinhaus brings this lawsuit alleging that the defendants committed tortious conduct against him in violation of both Missouri and California state law. Weinhaus invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. Because the complaint does not contain an adequate statement of citizenship with respect to any of the parties in this case, I will order Weinhaus to file an amended complaint to properly allege this Court's subject-matter jurisdiction.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and

complete diversity of citizenship among the litigants.   28 U.S.C. § 1332(a).   While Weinhaus seeks damages exceeding $10 million, his complaint fails to adequately allege the citizenship of the parties, thereby precluding me from determining whether diversity jurisdiction exists.

Weinhaus describes himself as a Missouri "resident."   As to all of the individual defendants, including the Doe defendants, Weinhaus claims that none of them reside in Missouri but instead "reside" in New York, the District of Columbia, New Jersey, and Delaware.   For purposes of diversity, however, a statement of where an individual "resides" is insufficient to establish that person's citizenship.   *Sanders*, 823 F.2d at 216.

Weinhaus also names Alabseries.com as a defendant and describes it as a general partnership whose partners are all "non-residents of Missouri" and whose principal place of business is "not in Missouri."   (ECF 1 at ¶ 3.)   For unincorporated associations such as partnerships, however, diversity of citizenship depends on the citizenship of all its members.   *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).   And, as stated above, citizenship for diversity purposes cannot be derived from where one "resides."   Moreover, merely averring that a party is *not* a citizen of a particular State does not set forth with specificity that party's citizenship for purposes of establishing diversity jurisdiction.   *Gunapt*

*Dev., L.L.C. v. Peine Lakes, L.P.*, No. 4:20-CV-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) (citing cases).  *Cf. Howard v. Newrez, LLC*, No. 4:21-CV-522 JAR, 2021 WL 2949535, at *5 (E.D. Mo. July 14, 2021) (party invoking diversity jurisdiction must identify the parties' States of citizenship).

Because there is no sufficient statement of citizenship with respect to any party in this case, I am unable to determine if this Court has subject-matter jurisdiction.  Accordingly, I will give Weinhaus fourteen (14) days to amend his complaint to properly allege this Court's subject-matter jurisdiction.  Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Therefore,

**IS IT HEREBY ORDERED** that plaintiff Edward "Coach" Weinhaus shall file an amended complaint within fourteen (14) days of the date of this Order to properly allege this Court's subject-matter jurisdiction.  Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2022.