# EXHIBIT D

**STEVEN O. ROSS**
ATTORNEY AT LAW
1325 SOUTH PRAIRIE AVENUE • SUITE 1109
CHICAGO, ILLINOIS 60605
(312) 566-4170 • FAX (312) 566-4169
soratty1@aol.com

October 15, 2018

The Honorable Grace Dickler
Presiding Judge
Domestic Relations Division
Circuit Court of Cook County, Illinois
Room 1905
Richard J. Daley Center
Chicago, IL 60602

    Re: In the Marriage of Edward A. Weinhaus v. Natalie B. Weinhaus
    Case No. 2012 D 8800

Dear Judge Dickler:

I want to inform you of the actions of the Honorable Judge Regina Scannicchio, which I believe prevented me from properly representing my client and demonstrated her prejudice against him.

I was hired by Edward Weinhaus to represent him during a portion of his ex-wife's Emergency Petition for an Order of Protection pursuant to a limited scope agreement. Pursuant to this agreement, I agreed to represent Mr. Weinhaus during his direct examination and cross examination, and to assist him with procedural related issues.

This portion of the hearing took place of September 12, 2018 starting at 1:00 p.m. The cross-examination of Ms. Weinhaus occurred before Mr. Weinhaus' testimony. I informed the Court of my limited representation of Mr. Weinhaus before the hearing started. The Judge limited my participation to Mr. Weinhaus' testimony and cross-examination and warned me not to participate in any other portion of the hearing.

There was a break between the end of Ms. Weinhaus' testimony and the commencement of Mr. Weinhaus' testimony.  Before the break, the Judge told me I could not speak to my client outside the courtroom.

I believe the Judge violated the Illinois Code of Judicial Conduct and prevented me from competently representing my client in violation of Rule 1.1 (a) of the Illinois Rules of Professional Conduct. This rule states: "A lawyer shall provide competent representation to a client, noting "[Competent representation requires the legal knowledge, skill, thoroughness, and preparation necessary for the representation."

By preventing me to prepare and adjust my client's testimony based on his ex-wife's testimony during her cross-examination, and the time constraints on his testimony, I was prevented from completing his thorough preparation and helping him understand procedural issues.



Hon. Grace Dickler
Oct. 15, 2018
Page 2

Rule 62, Canon 2A. of the Illinois Code of Judicial Conduct states: "A judge should respect and comply with the law and should conduct himself or herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Rule 63, Canon 3 instructs a judge to perform the duties of judicial office impartially and diligently.

Paragraph A(4) of this Rule requires a judge to "accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of self-represented litigants to be fairly heard."

Here, by preventing me from reviewing trial strategy before his testimony Judge Scannicchio did not act impartially.

The Judge should disqualify herself from future proceedings in this case pursuant to Paragraph C(1) requiring a judge to disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.

It appears that Judge Scannichio acted improperly and did not act impartially by barring me from consulting with my client. I believe disciplinary action should be taken against her.

Sincerely,

Steven O. Ross
SOR/sr