**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EDWARD "COACH" WEINHAUS, )
)
Plaintiff, )
v. ) Case No. 4:22-cv-00115-CDP
)
ALABSERIES.COM, et al., )
)
Defendants. )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**

This motion should be denied because Plaintiff:

(1) has not attempted [redacted] [redacted], [redacted];

(2) has failed to apprise this Court that the motion is moot by virtue of [redacted] [redacted] on first receipt of notice via this filing;

(3) does not allege a material breach of the Agreement and has suffered no harm; and

(4) does not actually seek "enforcement" of the Agreement, but rather asks that this Court rewrite it and order relief that is unambiguously foreclosed to him by its plain terms.

**BACKGROUND**

Defendants occasionally publish a podcast of law-related stories called ALAB Series (the "Podcast"). *See* ALAB Series Podcast, *available at* www.alabseries.com. At the end of one episode, Defendants made some rude jokes at Plaintiff's expense. He sued them.

On May 26, 2022, the parties entered into a settlement agreement. ECF No. 20-1 [hereinafter Agreement].[1] Defendants [redacted], [redacted] presided over a portion of Plaintiff's domestic relations case. His issues with her are set forth in the complaint. Compl., ECF No. 1, ¶¶ 31-43.) [redacted]

Notably, the Agreement also required the parties to [redacted]

[1] The Agreement attached to Plaintiff's motion prepends a first page reading "Exhibit 1," which offsets the page numbers of the filing from those of the Agreement. *See* ECF 20-1. We cite throughout to the pages of the ECF filing, not the page numbers at the bottom of the Agreement.

[2] The Agreement also included a [redacted]

Immediately after Defendants published the Follow-Up Episode,[3] Plaintiff revealed a website, unaffiliated with but intended to mimic the Podcast: www.alabpodcast.com, and a "@realALABSeries" account on X.com (formerly Twitter). The website included copies of the complaint and order, [redacted]. *Id.* Defendants accepted this and moved on. *Id.*

After the Follow-Up Episode, the Podcast published two other episodes. *See generally* www.alabseries.com/episodes. No new episode of the Podcast has been published since October 2022. *Id.* The Podcast published no formal announcements regarding its future, leaving open the opportunity to produce future episodes should the hosts so choose.

On September 3, 2022, pursuant to [redacted]

[3] To make the Follow-Up Episode entertaining, the parties jointly crafted a satirical narrative that Defendants had been forced "by Court Order" to grant Plaintiff control over the Podcast for the duration of the Follow-Up Episode – for example, the published description of the Follow-Up Episode makes the farcical claim that Defendants had been jailed for contempt of court. *See*, https://www.alabseries.com/episodes/episode-27-coach. Within the meat of the episode the parties clarify the real events underlying the lawsuit and its resolution, and candidly discuss their respective views on it. *Id.*



Both before and after [redacted], Plaintiff published multiple public statements [redacted] ("Plaintiff's Post-Episode Publications"),[4] but never [redacted]. Several of Plaintiff's Post-Episode Publications [redacted], [redacted]. *See, e.g.*, https://twitter.com/realALABSeries/status/1689603757800087553 ("By 'the podcast', you mean the one that stopped after I won us national accolades, took its name, and now produce 10x as much every single week as they could hope to have done once every few months?"); https://twitter.com/realALABSeries/status/1697944295381008749 ("Today is the one-year anniversary of my takeover of ALAB. I did allow the old crew a few lesser-than episodes to clean up . . . I may get the band back together if my fans demand it."). Defendants concluded from these and other statements that Plaintiff [redacted] fit well with the public narrative Plaintiff seems to be trying to spin about the lawsuit [redacted]. *See, e.g.*, https://poachcoach.com/litigation-strategist/ ("CASE STUDY II: PSEUDONYMOUS TRASH TALKERS EARN ACCOLADES AFTER COURT ORDER").

[4] Immediately after the [redacted] was posted and continuing through the present, Plaintiff began publishing statements [redacted], on social media, his own websites, and elsewhere. *See, e.g.*, https://twitter.com/realALABSeries/status/156695786044519628 ("Yeah I mean other than taking their microphone and name and any other undisclosed items including financial settlement that did not exceed $10m, [Plaintiff] totally got nothing but looking like he won"). There are many of these. To date, Defendants have not: (1) [redacted]; or (2) [redacted] in hopes of keeping the peace.

Then Plaintiff filed this motion. [REDACTED] or any attempt whatsoever to resolve any problem he perceived. Upon learning from the motion [REDACTED], a complete about-face from his public statements, Defendants [REDACTED]. On January 8, 2024, [REDACTED]. Ex. 4.[5] Plaintiff has not updated his motion to advise this Court of [REDACTED]

## ARGUMENT

### I. Plaintiff [REDACTED]

The Agreement unambiguously requires [REDACTED] This motion is a nullity on this basis alone.

### II. This Motion is Moot.

Plaintiff has received everything due him under the Agreement. Section 2 doesn't require Defendants to [REDACTED]

[5] Counsel for Plaintiff affixed a "For Settlement Purposes Only" legend to certain correspondence following the filing of this motion. While we do not believe Fed. R. Evid. 408 precludes sharing such correspondence in this context, we withhold [REDACTED] in an excess of caution. We would be happy to share it with the Court.

[redacted] Instead, it requires Defendants to [redacted] Defendants have performed those tasks.

Plaintiff's choice to not amend his motion to address [redacted] leaves Defendants, and this Court, with no notice as to any substantive disagreement on this point. Based on certain correspondence with Plaintiff's counsel, we understand that he may contend [redacted] bad faith because [redacted] This would be incorrect. Defendants [redacted]. [redacted]

Plaintiff cannot establish bad faith on these facts. Defendants had every reason to believe, from his own publications, that Plaintiff [redacted], and he never gave any indication otherwise. In any event, immediately upon learning of Plaintiff's objections [redacted]. Ex. 4. Further, Defendants' prior performance has all been to the letter of the Agreement, and when they had significant concerns about Plaintiff's own compliance therewith, they [redacted] Ex. 1 at 2. Finally, whatever Defendants

decide as to whether to [REDACTED] can't possibly qualify as a breach of their duty of good faith and fair dealing, because the Agreement expressly [REDACTED]. *Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co.*, 464 S.W.3d 177, 185 (Mo. 2015) (no breach of the duty of good faith and fair dealing "where the contract expressly permits the actions being challenged, and the defendant acts in accordance with the express terms of the contract").

Similarly, Plaintiff cannot allege that [REDACTED] demonstrate bad faith. First, [REDACTED] *Id*. Second, [REDACTED]

**III. <u>Plaintiff Has Suffered No Material Harm.</u>**

Plaintiff has not amended his motion to acknowledge [REDACTED] and so he has not alleged that [REDACTED] has caused him quantifiable harm. But even if he had, Plaintiff cannot show that [REDACTED] constituted a material breach of the Agreement. At most, Plaintiff can allege [REDACTED] The Agreement provides [REDACTED]



[redacted]

In addition, [redacted] is attributable to Plaintiff. Whatever else one might say about them, Plaintiff's Post-Episode Publications after [redacted] show he: (1) had ample time and energy to devote to this matter, but spent none of it [redacted]; and (2) publicly adopted, repeated, and appeared to accept and ratify [redacted]. Plaintiff cannot allege he was caused harm [redacted].

Moreover, based on statements made by Plaintiff after the Agreement was signed, Defendants understand [redacted] Plaintiff's conduct and public statements support this understanding: [redacted]. *See, e.g.*, www.coachforged.com/mgmt-167-introduction-class-project-childrenofthecourt-org/ (from approx. 1:10 – 1:30) ("I am being paid by a third-party media entity to investigate the judicial ethics of a state court judge. A federal district court judge is actually overseeing the performance of that duty. And in case you're curious, it's rather a rare thing for a licensed attorney to be required by one judge to investigate another, but so be it."); *see also* www.childrenofthecourt.org/about/ (video entitled "Phase 1: Idea + Personal Insights" from approx. 4:12 - 4:28) (telling a classroom of college students, "one federal judge is overseeing by court order an agreement whereby I investigate the ethics of a particular state judge"). Thus, Plaintiff cannot contend that he has been

materially harmed [REDACTED] [REDACTED]. He has evidently [REDACTED] [REDACTED] [REDACTED].

**IV. <u>Plaintiff Does Not Seek Enforcement of the Agreement.</u>**

Plaintiff asks this Court to [REDACTED], but [REDACTED] [REDACTED]. Quite the opposite: [REDACTED] [REDACTED] [REDACTED] [REDACTED] The relief he requests would not only be [REDACTED] [REDACTED] [REDACTED].

**CONCLUSION**

For the reasons above, this motion should be denied.[6]

Respectfully submitted,

By */s/ Michael L. Nepple*

Mark Sableman, # 36276
Michael L. Nepple, #42082
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (facsimile)
msableman@thompsoncoburn.com
mnepple@thompsoncoburn.com

*Attorneys for Defendants Tarik Faoud Ajami and Andrew Hunter*

[6] Plaintiff seems to make another bald claim regarding [REDACTED], but this is unsupported. Defendants haven't [REDACTED], and he does not allege otherwise.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Michael L. Nepple*