UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD "COACH" WEINHAUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:22 CV 115 CDP |
| ALABSERIES.COM, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Edward "Coach" Weinhaus's Motion to Enforce Settlement. I will deny the motion.

Weinhaus filed this diversity action in January 2022, raising claims of defamation, invasion of privacy, intentional interference with business relationships, intentional infliction of emotional distress, and trade libel, all arising out of statements made by defendants via a podcast in February 2020. The parties thereafter settled the case pursuant a Settlement Agreement and Release executed May 26, 2022. That same date – May 26, 2022 – the parties filed a Stipulated Dismissal with Prejudice and Request to Retain Jurisdiction to Enforce Settlement (ECF 13), which I granted (ECF 14).

Weinhaus now claims that defendants breached the settlement agreement by failing to meet the deadline by which they were required to perform certain agreed-

to actions. He contends that he has been prejudiced by defendants' belated attempt to cure the breach given the time-sensitive nature of the subject matter at issue. As relief, Weinhaus seeks reformation of the settlement agreement to require defendants to now perform specific actions not contemplated by or agreed to in the settlement agreement and/or to permit Weinhaus himself to take additional non-agreed-to actions. Weinhaus also seeks recovery of his attorney's fees in bringing his motion to enforce.

In response, defendants aver that they timely complied with the terms of the agreement, that Weinhaus's conduct after their compliance showed his acquiescence thereto, and that, regardless, Weinhaus himself failed to comply with the agreement by failing to make a good faith effort to amicably resolve this dispute before filing his motion to enforce. Defendants also argue that their compliance with the agreement and their voluntary follow-up performance in response to Weinhaus's motion show that they did not act in bad faith and that Weinhaus's request for specific performance outside the parameters of the agreement is improper.

Both sides have submitted evidence in support of their position.

No party has requested an evidentiary hearing on the motion, and I find that one is not necessary. My review of the settlement agreement shows that its terms are clear and unambiguous. There is no substantial factual dispute concerning the

existence or terms of the agreement, nor does the situation present complex factual issues. *See Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988).

In this diversity case, I construe the settlement agreement according to state law, *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999), which, according to the agreement's choice-of-law provision here, is Missouri law. A motion to enforce settlement is a collateral action for specific performance of a settlement agreement. *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007); *St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc.*, 301 S.W.3d 549, 551 (Mo. Ct. App. 2009). In his motion here, however, Weinhaus does not seek enforcement and performance according to the specific terms of the agreement. He contends that it is too late for that. Instead, he asks that I exercise my equitable authority to reform the agreement to add additional terms, requirements, and permissions.

"Reformation is an extraordinary equitable remedy and should be granted only with great caution and in clear cases of fraud or mistake." *Hunter v. Moore*, 486 S.W.3d 919, 925 (Mo. banc 2016). Weinhaus does not claim mistake. He asserts only that defendants made fraudulent representations and acted in bad faith in entering into the settlement. To justify reformation, Weinhaus must prove the alleged fraud with evidence "so clear, convincing and complete as to exclude all

reasonable doubt[.]" *Stein v. Stein Egg & Poultry Co., Inc.*, 606 S.W.2d 203, 205 (Mo. Ct. App. 1980); *see also Jones v. Sherman*, 857 S.W.2d 468, 471-72 (Mo. Ct. App. 1993) (seeking to void contract on ground of fraudulent misrepresentation). He has not done so here. I will therefore deny his request to reform the agreement.

Moreover, my review of the settlement agreement and the evidence submitted by the parties shows that defendants did not breach the terms of the agreement as Weinhaus claims. The agreement required defendants Tarik Faoud Ajami and Andrew Hunter "to provide comments" on Weinhaus's submission within a certain period (ECF 20-1, Agreement Section 2(b)), which they did. (ECF 16-3.) Merely because Weinhaus was not satisfied with either the substance or depth of the comments does not render defendants' compliant performance a breach of the agreement. In a separate paragraph, the agreement required Ajami and Hunter to "review and consider" Weinhaus's submission (ECF 20-1, Agreement Section 2(c)), which they did. (ECF 25-5.) Notably, there was no time requirement for defendants to perform this term of the agreement (ECF 20-1, Agreement Section 2(c)), and Weinhaus's dissatisfaction with the timing of defendants' compliance likewise does not render their performance a breach.

Accordingly, having fully considered Weinhaus's motion to enforce, the evidence submitted on the motion, and the respective arguments and positions of the parties,

**IT IS HEREBY ORDERED** that plaintiff Edward "Coach" Weinhaus's Motion to Enforce Settlement [20] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2024.